Christopher R. Hogle (USB #7223)
*Admitted pro hac vice*
HOLLAND & HART LLP
222 S. Main St., Ste. 2200
Salt Lake City, UT  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
crhogle@hollandhart.com

Murray D. Feldman (ISB #4097)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 W. Main St., Ste. 1750
Boise, ID  83701
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
mfeldman@hollandhart.com
ccmccurdy@hollandhart.com

*Counsel for Defendant Bunker Hill Mining Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRESCENT MINE, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>BUNKER HILL MINING CORPORATION; and PLACER MINING CORPORATION (d/b/a New Bunker Hill Mining Co.),<br><br>          Defendants. | Case No.  2:21-cv-00310-DCN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM** |

Defendant Bunker Hill Mining Corporation ("BHMC") hereby submits this Memorandum in support of its Motion to Amend Answer to Crescent Mine, LLC's Second Amended Complaint and to Crescent Mine, LLC's Counterclaim ("Motion").

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 1

# INTRODUCTION

BHMC brings its Motion for the narrow of purpose of asserting a statute of limitations defense. The August 9, 2022 Scheduling Order [Dkt. 64] provides November 15, 2022 is the deadline for amended pleadings absent good cause, and good cause exists for allowing the amendment. Crescent Mine, LLC ("Crescent") only recently provided an expert opinion making the affirmative defense potentially necessary. In short, Crescent originally alleged that Placer Mining Corporation ("Placer") created a trespass in the form of water flowing into the Crescent Mine and that BHMC's liability arose from failing to remove water after BHMC leased the Bunker Hill Mine in 2017 and acquired it in 2022. On June 7, 2024, Crescent provided a report from one of its experts that opines that water has been moving back and forth between the Bunker Hill and Crescent Mines. This opinion differs from the basis for liability asserted by Crescent against BHMC and gives rise to statute of limitations defenses.

Crescent will not be unduly prejudiced by this additional affirmative defense because 1) the affirmative defense is only necessary due to Crescent's recent submissions and 2) Placer has previously pled a statute of limitations defense, meaning that Crescent has been aware of such a defense throughout the pendency of this case.

# ARGUMENT

### A.     Standard of Review

Because the deadline to amend pleadings has passed, the standard in Federal Rule of Civil Procedure 16(b) applies here: "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15."

*Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (internal citations omitted); *see also Purbeck v. Coffin*, No. 1:21-cv-00047-BLW, 2023 U.S. Dist. LEXIS 169914, at *2-3 (D. Idaho Sep. 22, 2023). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Federal Rule of Civil Procedure 15(a)(2) instructs that a party may amend its pleading, including an answer, with leave of the court and such leave "should be freely give[n] when justice so requires." The Ninth Circuit "recognizes that 'the underlying purpose of Rule 15 is to facilitate a decision on the merits, rather than on the pleadings or technicalities,' and, therefore, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Stanton v. Battelle Energy Alliance, LLC*, 83 F. Supp. 3d 937, 948 (D. Idaho 2015) (quoting *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). The decision to grant a motion to amend pursuant to Rule 15(a)(2) rests in the discretion of the court. *Id.* at 949. The propriety of a motion to amend is evaluated using four factors: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Stanton*, 83 F. Supp. 3d at 949.

While all of these factors are relevant to the court's analysis, the "crucial factor is the resulting prejudice to the opposing party." *Stanton*, 83 F. Supp. 3d at 949. "[D]elay, by itself, is insufficient to justify denial of leave to amend." *Id.* (quoting *United States v. Webb*, 655 F.2d

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 3

977, 979 (9th Cir. 1981)). "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its [pleading]." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

  **B.**  **Good Cause Exists to Grant the Motion Under Rule 16(b)**

  BHMC's statute of limitations affirmative defense has become necessary based on opinions expressed in recent expert reports from Crescent that post-date the deadline to amend pleadings. Crescent's recent expert opinions include an expanded and evolving theory of liability as to BHMC. For context, Crescent's Second Amended Complaint alleged that BHMC had a duty to remove water from the Crescent Mine that was introduced into the Crescent Mine by Placer. *See, e.g., Second Amended Complaint* [Dkt. 51] ¶ 53 ("Defendants have failed to remove the [acid mine drainage] that was introduced into the Crescent Mine from the Bunker Hill Mine as a result of the intentional acts of PMC"); *see also* Counterclaim [Dkt. 39 in 2:21-cv-00209-DCN] ¶ 53 ("Since taking ownership of the Bunker Hill Mine on January 7, 2022, BHMC has failed to remove the [acid mine drainage] that was tortiously introduced into the Crescent Mine from the Bunker Hill Mine.").

  The June 7, 2024 expert report of Paul Rosasco ("Rosasco Report") provided by Crescent, however, appears to claim that BHMC's water pumping practices caused water to flow back and forth between the Crescent Mine and Bunker Hill Mine. *See, e.g.*, Rosasco Report at 15 ("Flooding of the lower workings of the Crescent Mine continues at the current time any time that the pumping rate from the mine pool at Bunker Hill does not exceed the rate of surface water

and mine water infiltration into the mine pool.")[1]. This is a new theory than what Crescent advanced in its Second Amended Complaint. BHMC's proposed affirmative defense on statute of limitations grounds addresses this new theory.

### C. The Motion Should Be Granted Under Rule 15

Because Rule 16(b)'s good cause standard is met, the next step in the analysis is a review under Rule 15's standard. *See Johnson*, 975 F.2d at 608. Federal Rule of Civil Procedure 15(a)(2) instructs that a party may amend its pleading, including an answer, with leave of the court and such leave "should be freely give[n] when justice so requires." The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

Here, all four factors that are commonly used to evaluate a motion to amend under Rule 15 weigh in favor of allowing the amendment and granting the Motion. *See Stanton,* 83 F. Supp. 3d at 949.

#### 1. BHMC's amendment is not unduly delayed, brought in bad faith or brought as dilatory move.

The first factor to analyze under Rule 15 is whether the proposed amendment was unduly delayed, brought in bad faith, or whether the movant has a dilatory motive. *Id*. As outlined

---

[1] *See also, id*., at 24 ("Specifically, whenever (as is often the case) the rate of pumping at the Bunker Hill Mine does not offset the rate of surface water inflow and other recharge into the Bunker Hill mine pool, the water level in the mine pool will increase causing water to flow to the Crescent mine. If the rate of pumping at the Bunker Hill Mine exceeds the rate of recharge to the mine pool, then the mine pool pumping will pull back some of the volume of water that flooded the Crescent Mine due to the 1991-1994 flooding of the Bunker Hill Mine. Flow between the Bunker Hill and Crescent mine will only occur if the Y-U crosscut remains open to the flow of water.").

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 5

above, BHMC's proposed amendment only recently became necessary as a result of Crecent's June 7, 2024 expert disclosures, so it is not unduly delayed. Nor is the Motion brought in bad faith, as it only seeks to assert an additional defense that is relevant to Crescent's expert disclosures. Finally, BHMC's proposed amendment will not modify any existing deadlines in this case or require a responsive pleading from Crescent. This factor weighs in favor of BHMC.

Further, under the circumstances here, BHMC's affirmative defense could be timely asserted even during dispositive motions.[2] The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *TB Holding Co. Ltd. Liab. Co. v. J&S Siding*, No. 4:22-cv-00307-BLW, 2024 U.S. Dist. LEXIS 63359, at *7 (D. Idaho Apr. 5, 2024) (quoting *Magana v. Com. of the N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997)). "[D]efendants may raise an affirmative defense for the first time in a motion for summary judgment only if the delay does not prejudice the plaintiff." *Magana*, 107 F.3d at 1446 (citing *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)). Therefore, BHMC's Motion can and should be viewed as a good faith effort to address this issue before dispositive motions are filed. And as addressed below, there is no prejudice to Crescent in BHMC's proposed amendment.

---

[2] The most recent amendment to the Scheduling Order set the dispositive motion deadline as November 1, 2024. *See* Order Granting Stipulated Motion to Amend Scheduling Order [Dkt. 98] at 1.

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 6

### 2. There have been no previous attempts to cure the issues raised by the Motion.

The second factor is whether there has been a repeated failure to cure any deficiencies by amendments previously allowed. *See Stanton,* 83 F. Supp. 3d at 949. BHMC has not previously sought to amend its pleadings. This factor weighs in favor of BHMC.

### 3. Crescent will not be unduly prejudiced if the Motion is granted.

The third—and most important—factor is an evaluation of any potential prejudice to the non-moving party. *See id.* "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation omitted); *see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 609 F. Supp. 2d 1090, 1093 (E.D. Cal. 2009) (quoting *Serpra v. SBC Telecommunications, Inc.*, 318 F. Supp. 2d 865, 870 (N.D.Cal.2004) ("The party opposing leave to amend bears the burden of showing prejudice.").

Crescent will not be unduly prejudiced by BHMC's Motion for two distinct reasons. First, the Motion is only necessary because of Crescent's expert disclosures. But for the June 7, 2024 Rosasco Report submitted by Crescent, BHMC would not be seeking leave to add an affirmative defense.

Second, Placer has previously asserted a statute of limitations defense, meaning the issue is neither new nor novel. *See* Defendant Placer Mining Corporation's Answer, Affirmative Defenses, and Counterclaim [Dkt. 20] at 11. Under the circumstances, BHMC's statute of limitations defense will not cause Crescent any additional expenses, delay the resolution of this dispute, or prevent Crescent from bringing any other legal actions. *See Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 215 F.R.D. 105, 107 (S.D.N.Y. 2003) (quoting *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)) ("In determining what constitutes prejudice

in the context of a motion to amend under Rule 15(a), the Second Circuit considers whether the assertion of the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [opposing party] from bringing a timely action in another jurisdiction.'").

In short, Crescent will not be able to demonstrate any undue prejudice resulting from the Motion or BHMC's proposed affirmative defense. This factor weighs in favor of BHMC.

### 4. The Motion is not futile.

The final factor is whether the proposed amendment is futile. *See Stanton,* 83 F. Supp. 3d at 949. A proposed amendment is futile for purposes of denying a motion to amend where no set of facts may be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Luce v. Dalton*, 166 F.R.D. 457, 459 (S.D. Cal. 1996).

BHMC's proposed statute of limitations defense is not futile because it addresses a potential theory raised by Crescent. The Rosasco Report outlined a new avenue of potential liability for BHMC; specifically, water flows between the Bunker Hill Mine and the Crescent Mine since BHMC leased the Bunker Hill Mine in 2017 and its water pumping operations since then. *See, supra*, Rosasco Report at 15 and 24. Statutes of limitation exist to protect litigants from exactly these circumstances. *See Tomlin v. Boeing Co.*, 650 F.2d 1065, 1070-71 (9th Cir. 1981) ("The purpose of a statute of limitation is to protect courts and defendants. By barring stale claims, such statutes conserve judicial resources and provide repose to defendants."). This factor therefore weighs in favor of BHMC.

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 8

## CONCLUSION

For the reasons set forth above, BHMC's Motion should be granted and BHMC should be granted leave to file amended answers adding a statute of limitations defense.

DATED this 15th day of July, 2024.

HOLLAND & HART LLP

By: /s/ Christopher R. Hogle
Christopher R. Hogle
Murray D. Feldman
Christopher C. McCurdy

*Attorneys for Defendant Bunker Hill Mining Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of July, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Wade C. Foster | wade.foster@stoel.com |
| Maren R. Norton | maren.norton@stoel.com |
| Sean T. James | sean.james@stoel.com |
| James T. Graves | james@gravesenvirolaw.com |
| Preston Carter | prestoncarter@givenspursley.com |

*/s/ Christopher C. McCurdy*
Christopher C. McCurdy of Holland & Hart LLP

32356503_v1

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER TO CRESCENT MINE, LLC'S SECOND AMENDED COMPLAINT AND CRESCENT MINE, LLC'S COUNTERCLAIM - 10