Wade C. Foster, ISB No. 11105
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040
wade.foster@stoel.com

Maren R. Norton, admitted *pro hac vice*
Sean T. James, admitted *pro hac vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
maren.norton@stoel.com
sean.james@stoel.com

James T. Graves, admitted *pro hac vice*
GRAVES ENVIRONMENTAL
LAW PLLC
4736 NE 187th Place
Lake Forest Park, WA 98155
Telephone: (206) 889-2330
james@gravesenvirolaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **CRESCENT MINE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNKER HILL MINING CORPORATION; PLACER MINING CORPORATION,** (d/b/a New Bunker Hill Mining Co.)**,**<br><br>Defendants. | Case No. 2:21-cv-00310-DCN<br><br>**CRESCENT PARTIES' RESPONSE TO MOTIONS TO SEAL** |

**I. INTRODUCTION**

Defendants Bunker Hill Mining Corporation ("BHMC") and Placer Mining Corporation ("Placer") have requested that this Court seal certain exhibits filed in support of their respective motions for summary judgment (ECF Nos. 113 and 109). Plaintiff Crescent Mine, LLC, and

Counterclaim Defendants Crescent Silver, LLC, and Syringa Exploration, Inc., (collectively, "Crescent") offer the following response to defendants' motions to seal.

In short, Crescent agrees that the following documents qualify for filing under seal: (1) Tetra Tech's Preliminary Economic Assessment for the Crescent Mine Project (Placer's Exhibit 4 and BHMC's Exhibit 1); (2) The "High-Level Environmental Due Diligence Report" created by Stiles Regulatory & Technical Services for the Crescent Mine Project (Placer's Exhibit 20 and BHMC's Exhibit 23); and (3) An email exchange between Roger Gross and Martin Hale discussing the value of the Crescent Mine (Placer's Exhibit 21 and BHMC's Exhibit 26).[1]

In addition, while Placer asks the Court to seal the deposition transcript of Dr. Neal Rigby (Placer Exhibit 31 and BHMC Exhibit 4) and the Technical Mining Expert Opinion Report of Dr. Neal Rigby (Placer Exhibit 35 and BHMC Exhibit 3) in their entirety, Crescent believes redacting the sensitive portions of those documents is adequate.

## II. FACTUAL BACKGROUND

Crescent owns and operates the Crescent Mine in Shoshone County, Idaho. The Bunker Hill Mine is also located in Shoshone County, Idaho and is physically connected to the Crescent Mine by a 3.7-mile tunnel mine known as the Yreka or the Y-U Crosscut. In the 1990s, Placer purchased the Bunker Hill Mine. ECF No. 102 Exhibit 2 at 4. To avoid incurring water treatment costs from the United States Environmental Protection Agency (EPA) for treating highly contaminated mine water within the Bunker Hill Mine, Placer intentionally diverted water into the lower levels of the mine instead of sending the water to the nearby Central Treatment Plant. *Id.* Exhibit 1 at 75:23-77:16, 120:12-121:22. This intentional diversion of water flooded both the

---

[1] Whenever this document references a BHMC Exhibit or a Placer Exhibit, it is referring to the Exhibits attached to the Declaration of Christopher R. Hogle (ECF No. 112-9) or the Declaration of Preston N. Carter (ECF No. 110-2) respectively.

Bunker Hill Mine and the neighboring Crescent Mine via the Y-U Crosscut. *Id*. at 73:5-74:3, 75:6-14, 79:2-80:22, 90:2-6, 90:19-91:18, 120:12-121:22.

Starting in 2017, BHMC took over operation of, and later acquired, the Bunker Hill Mine by agreeing to pay EPA $20 million and assume responsibility for certain ongoing water treatment costs. ECF No. 102 Exhibit 5 at 3. After acquiring the Bunker Hill Mine, BHMC asserted that Crescent is liable for a substantial portion of the money BHMC owes to EPA and a substantial portion of all future water treatment costs, prompting this litigation. *Id.* Exhibit 7 at 1.

In 2021, Crescent asserted claims against defendants under CERCLA for the response costs it has incurred responding to the contaminated water in the Crescent Mine. ECF No. 51 at 17. Crescent also seeks a declaratory judgment and has asserted claims for statutory and common law trespass, nuisance, and negligence. *Id.* at 21-23.

BHMC and Placer have asserted counterclaims against Crescent for contribution under CERCLA Sections 113(f) and 107(a). ECF No. 57 at 19; ECF No. 58 at 14. BHMC and Placer also seek a declaratory judgment declaring Crescent liable "for past or future costs of treatment, handling, or disposal of water containing . . . hazardous substances at the Bunker Hill Mine . . . or elsewhere due to Crescent's release of . . . hazardous substances from the Crescent Mine." ECF No. 58 at 18.

At the outset of this litigation, the parties' submitted a joint motion for a stipulated protective order, which the Court "adopted in its entirety" on January 24, 2023. ECF No. 66. The purpose of the parties' stipulated protective order is to protect certain confidential information from public disclosure that, if released, would "create a risk of competitive or commercial disadvantage to the designating party that could not be avoided by less restrictive means." ECF No. 65 at 2.

Pursuant to provision 4.4 of the stipulated protective order, BHMC and Placer have filed certain documents "provisionally under seal according to District of Idaho Local Civil Rule 5.3(b)." *Id.* at 6. Having designated some of the documents as "Confidential" or for "Attorney Eyes Only," it is Crescent's "burden and responsibility of filing a motion to seal with the Court under Local Civil Rule 5.3 to determine whether or not the record designated as Confidential or Attorney Eyes Only will in fact be sealed or redacted." *Id.*

### III. ARGUMENT

In considering motions to seal, courts recognize that "a strong presumption in favor of access is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (citation omitted). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Therefore, "[c]ourts commonly seal business or financial information that is otherwise kept confidential, where such documents could be used to a company's competitive disadvantage." *Kamdem-Ouaffo v. Idahoan Foods, LLC*, 243 F. Supp. 3d 1130, 1146 (D. Idaho 2017), *aff'd*, 789 Fed. Appx. 75 (9th Cir. 2020). For example, "courts have held that 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' are compelling reasons to prevent competitors from leveraging this information to harm the designating parties in future negotiations." *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d

CRESCENT PARTIES' RESPONSE TO MOTIONS TO SEAL - 4
127241950.4 0065623-00004

1214, 1218 (C.D. Cal. 2024) (citation omitted). Likewise, "confidential profit, cost, and pricing information can also be sealed when a party establishes that the information, if publicly disclosed, could put the company at a competitive disadvantage." *Id.*; *see also Kamdem-Ouaffo*, 243 F. Supp. 3d at 1145 (sealing documents containing "internal discussions regarding company strategy and financials" because "disclosure of this proprietary business information runs the risk of harming Idahoan Foods' competitive standing.").

As an initial matter, Placer moved to seal all the exhibits attached to the declaration of "Preston N. Carter in Support of Placer's Motions for Summary Judgment." ECF No. 109 at 2. Crescent takes a more focused approach and requests only that the Court seal those documents listed below. *TML Recovery*, 714 F. Supp. 3d at 1218 ("Even where a party establishes a compelling reason or good cause to support sealing, its request must be narrowly tailored to a limited amount of information."). Of the documents that BHMC and Placer provisionally filed under seal, Crescent requests that the following documents be filed under seal: (1) Tetra Tech's Preliminary Economic Assessment (Placer's Exhibit 4 and BHMC's Exhibit 1); (2) the "High-Level Environmental Due Diligence Report" created by Stiles Regulatory & Technical Services (Placer's Exhibit 20 and BHMC's Exhibit 23); and (3) an email exchange between Roger Gross and Martin Hale discussing the value of the Crescent Mine (Placer's Exhibit 21 and BHMC's Exhibit 26).

Further, where redaction would adequately protect a party from an injury, sealing the same documents in their entirety is not warranted. *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020) ("[A]lthough sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact."). Accordingly, while Placer asks the Court to seal the deposition transcript of Dr. Neal Rigby (Placer Exhibit 31 and BHMC Exhibit 4) and the Technical

Mining Expert Opinion Report of Dr. Neal Rigby (Placer Exhibit 35 and BHMC Exhibit 3) in their entirety, Crescent requests only that the Court allow redaction of portions of those exhibits.

Both Placer and BHMC moved to file under seal Tetra Tech's Preliminary Economic Assessment prepared for the Crescent Silver project (Placer's Exhibit 4 and BHMC's Exhibit 1). This document provides analysis and recommendations on the feasibility, mining and operational logistics, and profitability of the Crescent Mine project. Declaration of Christopher R. Hogle, Exhibit 1 at 16-17. As a result, this document contains an abundance of highly sensitive financial information and equally sensitive information relating to Crescent's business strategy. Courts "commonly seal business or financial information that is otherwise kept confidential, where such documents could be used to a company's competitive disadvantage." *Kamdem-Ouaffo*, 243 F. Supp. 3d at 1146. For this reason, Crescent has carefully guarded Tetra Tech's Preliminary Economic Assessment to keep its contents confidential and out of the public domain. Because the release of information within the Preliminary Economic Assessment would run the risk of putting Crescent at a competitive disadvantage, Crescent asks this Court to grant BMHC and Placer's request to file this document under seal.

Next, Placer and BHMC moved to seal the "High-Level Environmental Due Diligence Report" (Placer's Exhibit 20 and BHMC's Exhibit 23) created by Stiles Regulatory & Technical Services for the Crescent Mine project. The purpose of this document was to analyze "any significant environmental risks or liabilities" that could "impact a potential asset purchase decision," and the report also details certain business strategies regarding how to structure the purchase. ECF No. 114-2 at 1. As such, this document also contains information that courts commonly find suitable for protection. *See Kamdem-Ouaffo*, 243 F. Supp. 3d at 1146. Further, this document has not been shared with third parties outside of this litigation and, if released to the

public, would run the risk of putting Crescent in a competitive disadvantage.[2] Notably, this Court has already granted a motion to seal this exact document. *See* ECF No. 95. Thus, it is unclear why Placer and BHMC refiled the same confidential document instead of citing to the sealed copy already in the record. Whatever the reason, Crescent requests that the Court allow this document to remain under seal.

Placer and BHMC also moved to seal a document containing an email exchange between Roger Gross and Martin Hale (Placer's Exhibit 21 and BHMC's Exhibit 26). Within this exchange of emails, Roger Gross and Martin Hale discuss, among other things: (1) the necessary investment required to make the Crescent Mine project feasible; (2) the possible gain in value if the price of silver increases; and (3) the value of Crescent Mine and the prospective purchase offers that will be considered. ECF No. 114-3. As such, this document contains the type of confidential business information that must be protected to prevent competitors "from leveraging this information to harm the designating parties in future negotiations." *TML Recovery, LLC*, 714 F. Supp. 3d at 1218. Accordingly, Crescent asks this Court to grant BMHC and Placer's request to file this document under seal.

Placer also moved to file under seal the "Technical Mining Expert Opinion Report of Dr. Neal Rigby." Placer Exhibit 35. BHMC also filed this document as an exhibit to its Motion for Summary Judgment but did not file it under seal. ECF No. 112-12 (Exhibit 3 of Hogle Decl.). Dr. Neal Rigby is a mining expert retained by Crescent who prepared a report analyzing the "diminution in value" that Placer and BHMC have caused by flooding the Crescent Mine with contaminated water. ECF No. 112-12 at 14. Crescent requests only that Appendix C to Dr. Neal

---

[2] *See* ECF No. 79-3 (Declaration of James Graves ¶ 13); ECF No. 79-2 (Declaration of Daniel J. Bugbee ¶ 6).

Rigby's report be redacted in its entirety. *Id.* at 49-61.  Appendix C includes, among other sensitive information, financial data on the anticipated operating costs and revenue of the Crescent Mine. The report then uses that data to calculate "the diminution of value" caused by BHMC and Placer. *Id.*  If this information were to be released to the public, it could put Crescent "at a competitive disadvantage" in any subsequent purchase negotiations. *TML Recovery, LLC*, 714 F. Supp. 3d at 1218.  Critically here, Crescent seeks only to redact Appendix C to Dr. Rigby's report while leaving the rest of his expert report intact and publicly available.[3]  Thus, redaction of Appendix C will promote two goals favored by courts in this setting: (1) adopting a narrowly tailored approach; and (2) protecting parties from being put at a competitive disadvantage through disclosure of sensitive business information in litigation.[4]

Finally, Placer has also moved to seal the deposition transcript of Dr. Neal Rigby.  ECF No. 110 (Placer Exhibit 31).  The last page of the deposition transcript is a scanned image of Dr. Neal Rigby's passport, including a photo of Dr. Rigby and information on his place of birth, birthday, and his passport ID number.[5]  *Id.*  According to Local Civil Rule 5.5 (Protection of Personal Privacy), parties are required to redact this type of personal identifying information. Accordingly, Crescent requests that the last page of Dr. Neal Rigby's deposition transcript be redacted to protect his privacy in accordance with Local Civil Rule 5.5.

---

[3] Because BHMC also filed the "Technical Mining Expert Opinion Report of Dr. Neal Rigby" as Exhibit 3 to the Hogle Delc., Crescent requests BHMC replace Exhibit 3 with a copy that is redacted as set forth above.

[4] While Crescent did not mark this document as confidential, it did not waive its ability to seek protection for the document under the parties' stipulated protective order.  *See* ECF No. 65 at 9, §5.3.

[5] BHMC also filed this document as an exhibit to its Motion for Summary Judgment but did not file it under seal.  ECF No. 112-13 (BHMC Exhibit 4 of Hogle Decl.).  However, because it does not include the page containing the scanned image of Dr. Neal Rigby's passport, Crescent does not argue that any portion of BHMC's Exhibit 4 should be redacted.

## IV. CONCLUSION

For the forgoing reasons, Crescent asks that this Court grant defendants' motion to seal BMHC's Exhibits 1, 23, and 26 and Placer's Exhibits 4, 20, and 21. Further, Crescent asks this Court to redact portions of Placer's Exhibits 31 and 35 as described above.[6]

DATED: January 9, 2025.

STOEL RIVES LLP

/s/ Maren Norton
Wade C. Foster, ISB No. 11105
Maren R. Norton, admitted *pro hac vice*
Sean James, admitted *pro hac vice*

GRAVES ENVIRONMENTAL LAW PLLC

/s/ James Graves
James T. Graves, admitted *pro hac vice*

Attorneys for Plaintiff

---

[6] Crescent acknowledges Placer redacted footnote 3 within its Memorandum in Support of its Motion for Summary Judgment. ECF No. 119 at 10. However, Crescent does not take a position as to whether this passage should be filed under seal.