Wade C. Foster, ISB No. 11105
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040
*wade.foster@stoel.com*

Maren R. Norton, admitted *pro hac vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
*maren.norton@stoel.com*

James T. Graves, admitted *pro hac vice*
GRAVES ENVIRONMENTAL
LAW PLLC
4736 NE 187th Place
Lake Forest Park, WA 98155
Telephone: (206) 889-2330
*james@gravesenvirolaw.com*

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CRESCENT MINE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNKER HILL MINING CORPORATION; PLACER MINING CORPORATION,** (d/b/a New Bunker Hill Mining Co.)**,**<br><br>Defendants. | **Case No. 2:21-cv-00310-DCN**<br><br><br>**CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |

COME NOW Crescent Mine, LLC ("Crescent"), Crescent Silver, LLC, and Syringa

Exploration, Inc., (collectively, the "Crescent Parties"), and respectfully submit this

memorandum in support of their motion for reconsideration.

## I.  INTRODUCTION

The Crescent Parties request that the Court reconsider two holdings in its Order on the

Parties' cross-motions for summary judgment. Dkt. 147. First, the Crescent Parties request that the

Court reconsider its holding in Section IV.B.3.b of the Order. There the Court held that the

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION - 1

Crescent Parties' motion for summary judgment was moot as to Bunker Hill Mining Corporation's ("BHMC") claim for contribution brought pursuant to Section 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f), because the Court dismissed Crescent's CERCLA Section 107(a) claim for *Crescent-incurred* response costs. But the Crescent Parties moved to dismiss BHMC's contribution claim *for BHMC costs* paid to EPA. The claims are not interdependent nor does one flow from the other. Thus, the Court erred in holding that the Crescent Parties' motion for summary judgment was moot as to BHMC's contribution claim because BHMC's claim – and the Crescent Parties' right to defend against it – are independent of any response costs that Crescent may have recovered from BHMC.

Second, the Crescent Parties request that the Court reconsider its holding that Crescent's damages for trespass occurring prior to August 28, 2018 and damages for nuisance and negligence occurring prior to August 28, 2017 are barred. As the Court recognized, Crescent's initial complaint was filed on July 28, 2021. The Court held that Crescent can recover damages within the statute of limitations period prior to filing of the Complaint, which, based on the date of the complaint, would be July 28, 2018 for Crescent's trespass claims and July 28, 2017 for its nuisance and negligence claims. It appears that the Order switched August for July part way through, and the Crescent Parties respectfully request that the Court correct the Order.

## II. FACTUAL BACKGROUND

The factual and procedural background of this case are set out in the Court's Memorandum Decision and Order on the Parties' respective motions for summary judgment. Dkt. 147 at 2-5. The Court's Order was entered on June 24, 2016. *Id.* In the Order, the Court correctly recognized that Crescent filed its initial complaint in this case on July 28, 2021. *Id.* at 5; *see also* Dkt. 1. The Court also recognized that BHMC brought a claim pursuant to Section 113(f) of CERCLA to

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 2

recover response costs it had paid to the U.S. Environmental Protection Agency ("EPA") from multiple parties, including the Crescent Parties. Dkt. 147 at 4; *see also* Case No. 2:21-cv-00209-DCN, Dkt. 16 ¶¶ 83-101.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> [A]ny order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) "makes explicit an 'inherent procedural power' of district courts; namely, the power 'to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *Shoshone-Bannock Tribes of Fort Hall Reservation. v. United States*, No. 4:18-CV-00285-DCN, 2023 WL 2456403, at *1 (D. Idaho Mar. 10, 2023) (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)). Although not subject to the limits of Federal Rule of Civil Procedure 59(e), this Court has applied the Rule 59(e) standards when deciding a motion brought under Rule 54(b). *Id.* Under Rule 59(e), the Court should grant a motion for reconsideration where, as relevant here, there has been clear error. *Id.* at *2 (citing *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)).

### IV.  ARGUMENT

**A.      The Crescent Parties' Motion for Summary Judgment as to BHMC's Contribution Claim Is Not Moot And Should Be Considered.**

These consolidated cases present two separate CERCLA cost claims arising from two separate bodies of costs incurred at two separate facilities: (1) BHMC's contribution claim against the Crescent Parties for *BHMC-incurred costs* paid to EPA for response actions at the Bunker Hill Mine (Case No. 2:21-cv-00209-DCN, Dkt 16), and (2) Crescent's claim against BHMC and

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION - 3
153514120.4 0065623-00004

Placer Mining Corporation ("Placer") for *Crescent-incurred costs* necessary for investigating contaminated Bunker Hill Mine flood water in the lower Crescent Mine (Dkt. 51).

Section IV.B.3 of the Order addresses "BHMC and Placer's CERCLA Claims" and Section IV.B.3.b addresses those two parties' "Contribution Claims under CERCLA § 113(f)." Dkt. 147 at 26-27. BHMC's and Placer's contribution claims fundamentally differ in that BHMC's claim is predicated upon BHMC's payments to EPA, while Placer's claim is purely defensive in nature and is intended to allocate costs between Crescent and Placer if Crescent succeeded on its CERCLA Section 107(a) claim against Placer.[1] Dkt. 58 at 14-16.  Only Placer's contribution claim is mooted by dismissal of Crescent's CERCLA claim.

The Court appears to have conflated the BHMC and Placer contribution claims:

> The Court has determined Crescent cannot recover response costs because it did not incur such costs before filing suit. Without liability for recovery of response costs, the purpose of contribution is nonexistent. Therefore, the Court finds that Crescent's motion for summary judgment on its contribution claims under § 113(f) is moot because Crescent cannot obtain recovery costs from Placer or BHMC in this consolidated lawsuit.

Dkt. 147 at 28. First, the Order's statement that "Crescent's motion for summary judgment on *its* contribution claims under § 113(f) is moot" is incorrect. Crescent did not bring a CERCLA Section 113(f) contribution claim. *See* Dkt. 51. Second, although Placer's counterclaim for contribution is mooted by the dismissal of the Crescent's response cost claim, BHMC's contribution claim for BHMC-incurred costs, which arose independently of any Crescent-incurred costs, is not moot.

BHMC's Second Amended Complaint brings a CERCLA Section 113(f) claim seeking contribution from the Crescent Parties *for costs BHMC has paid to EPA* for response actions at,

---

[1] *See United States v. Atlantic Research Corp.*, 551 U.S. 128, 139 (2007) (explaining use of § 113(f) counterclaim as defense to § 107(a) cost recovery action).

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION - 4
153514120.4 0065623-00004

and treatment of water from, the Bunker Hill Mine.[2] *See* Case No. 2:21-cv-00209-DCN, Dkt. 16 ¶¶ 83-101. BHMC's contribution claim is entirely independent of Crescent's costs and its cost recovery claim. *See* Dkt. 129 at 53 ("BHMC only seeks to recover the Crescent Parties' share of costs that BHMC has incurred under the [Settlement Agreement and Order on Consent]" entered with EPA.).

Crescent's motion for summary judgment sought dismissal of BHMC's Section 113(f) contribution claim as a matter of law because, for CERCLA liability purposes, the pertinent "release(s)" and "disposal(s)" which "caused" BHMC to incur response costs all took place at and from the Bunker Hill Mine "facility," not the Crescent Mine.[3] Dkt. 116-1 at 43-51. And the Crescent Parties are not owners, operators, or arrangers as to those releases and the Bunker Hill Mine "facility". *Id.*; 42 U.S.C. § 9607(a). But for the releases from the Bunker Hill Mine, BHMC would not have incurred the response costs it seeks to saddle the Crescent Parties with.

For clarity, the Crescent Parties provide the following summary of each relevant claim:

- Crescent brought a claim under CERCLA Section 107(a) against Placer and BHMC to recover *Crescent-incurred costs* responding to releases of hazardous substances from the Bunker Hill Mine to the Crescent Mine. Dkt. 51 ¶¶ 59-79 (Crescent's First Cause of Action). The Order dismissed Crescent's claim for CERCLA Section 107(a) response costs. Dkt. 147 at 13.

- Placer brought a CERCLA § 113(f) counterclaim seeking contribution from Crescent in the event Placer was found liable for *Crescent-incurred costs*. Dkt. 58 at 14-16 (Placer's First Cause of Action). Dismissal of Crescent's CERCLA Section 107(a) claim for response costs rendered Placer's defensive claim for contribution moot because there will be no response costs assessed against Placer.

---

[2] BHMC specifically brings a claim under CERCLA § 113(f)(3)(B) which allows "[a] person who has resolved its liability to the United States … for some or all of the costs of [a response] action in an administratively … approved settlement [to] seek contribution from any person who is not a party to a settlement…." 42 U.S.C. § 9613(f)(3)(B).

[3] The Order recognizes that the Crescent Mine was initially flooded with acid mine drainage ("AMD") from the Bunker Hill Mine from late 1991 through 1994 and that the Bunker Hill generated AMD remains in the Crescent Mine today. Dkt. 147 at 24-25.

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION - 5
153514120.4 0065623-00004

- BHMC brought a CERCLA Section 113(f) claim for contribution against the Crescent Parties for *BHMC-incurred costs* paid to EPA for response actions at the Bunker Hill Mine, alleging that hazardous substances were released from the Crescent Mine to the Bunker Hill Mine and caused the incurrence of costs by BHMC. Case No. 2:21-cv-00209-DCN, Dkt. 16 ¶¶ 83-91. BHMC's contribution claim remains live regardless of the viability of Crescent's CERCLA Section 107(a) claim for response costs because the two claims address entirely different categories of costs.

The Court's dismissal of Crescent's claim for *Crescent-incurred costs* at the Crescent Mine does not have any legal bearing on the Crescent Parties' ability to defend against BHMC's CERCLA contribution claim against the Crescent Parties for costs BHMC paid to EPA. The Order erred in holding that the Crescent Parties' motion for summary judgment was moot as to BHMC's CERCLA contribution claim for BHMC-incurred costs. Accordingly, the Crescent Parties respectfully request that the Court reconsider Section IV.B.3.b of the Order and, for the reasons stated in the Crescent Parties' motion for summary judgment (Dkt. 116-1) grant summary judgment for the Crescent Parties on BHMC's claims for contribution.

**B.     Crescent's Complaint Was Filed on July 28, 2021.**

The Order initially recognized that Crescent's complaint was filed on July 28, 2021. Dkt. 147 at 5, 24; *see also* Dkt. 1. However, the Order incorrectly changed the filing date to August 28, 2021. Dkt. 147 at 11, 19, 21. The Court held that Crescent could recover damages for its trespass claims incurred three years immediately prior to the filing of the complaint. *Id.* at 21, 24, 29. The Court held that Crescent could recover damages for its nuisance and negligence claims incurred four years immediately prior to the filing of the complaint. *Id.* at 21, 29. The Order then went on to grant BHMC and Placer summary judgment on damages incurred for trespass prior to August 28, 2018 and for nuisance and negligence prior to August 28, 2017. *Id.* at 30.

The Crescent Parties respectfully request that the Court correct the Order to accurately reflect that Crescent's complaint was filed on July 28, 2021. The Crescent Parties further request

that the Court correct the Order to allow Crescent to recover damages on its trespass claims incurred after July 28, 2018 and for damages on its nuisance and negligence claims incurred after July 28, 2017.

### V.  CONCLUSION

For the forgoing reasons, the Crescent Parties request that the Court reconsider the Order, grant the Crescent Parties' motion for summary judgment on BHMC's contribution claim, and correct the dates that damages are available to Crescent on its state law tort claims.

DATED: July 8, 2026.

STOEL RIVES LLP


/s/ Maren Norton
Wade C. Foster, ISB No. 11105
Maren R. Norton, admitted *pro hac vice*


GRAVES ENVIRONMENTAL LAW PLLC


/s/ James Graves
James T. Graves, admitted *pro hac vice*

Attorneys for Plaintiff

CRESCENT PARTIES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 7

153514120.4 0065623-00004