Christopher R. Hogle (USB #7223)
*Admitted pro hac vice*
Sarah M. Perkins (USB #17297)
*Admitted pro hac vice*
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
CRHogle@hollandhart.com
SMPerkins@hollandhart.com

Murray D. Feldman (ISB #4097)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83701
Telephone: (208) 342-5000
mfeldman@hollandhart.com
ccmccurdy@hollandhart.com

*Counsel for Defendant, Counterclaimant, and Third-Party Plaintiff Bunker Hill Mining Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CRESCENT MINE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BUNKER HILL MINING CORPORATION; and PLACER MINING CORPORATION (d/b/a New Bunker Hill Mining Co.),<br><br>Defendants. | Case No. 2:21-cv-00310<br><br>**DEFENDANT BUNKER HILL MINING CORPORATION'S OPPOSITION TO CRESCENT PARTIES' MOTION FOR RECONSIDERATION** |

## INTRODUCTION

Defendant/Counterclaimant/Third-Party Plaintiff Bunker Hill Mining Corporation ("BHMC") respectfully submits this Opposition to the Crescent Parties' Motion for Reconsideration (Dkt. 149) of the Court's June 24, 2026 Memorandum Decision and Order (Dkt. 147) (the "Order").

The Order addressed three cross-motions for summary judgment in this complex, consolidated CERCLA and state-law environmental tort case. In a thorough, 31-page opinion, the Court's operative disposition is unambiguous. The Court: (1) granted summary judgment to BHMC and Placer on both of Crescent Mine, LLC's CERCLA causes of action and partially on Crescent Mine, LLC's state-law claims; (2) denied summary judgment to Crescent Mine, LLC on all of its trespass claims; and (3) expressly denied summary judgment to the Crescent Parties on BHMC's CERCLA § 113(f) contribution claim. As the Crescent Parties themselves acknowledge (Dkt. 149-1 at 6), their Motion for Reconsideration concerns only BHMC's § 113(f) contribution claim.

The Crescent Parties' Rule 54(b) motion raises two issues: (a) reconsideration of the discussion in § IV.B.3.b. of the Court's Order as it pertains to BHMC's CERCLA § 113(f) contribution claim; and (b) correction of a scrivener's error regarding the Complaint filing date. As to the latter, BHMC does not oppose the narrow, non-substantive date correction. As to the former, the motion fails.

The Crescent Parties contend that the Court's Order failed to rule on the Crescent Parties' motion to dismiss BHMC's independent § 113(f) claim on the merits. This argument ignores the Order's express disposition. Paragraph 7 of the "ORDER" states unambiguously: "Summary

Judgment is DENIED to Crescent on the §113(f) contribution claims by BHMC and Placer." Dkt. 147 at 30. As to BHMC's § 113(f) claim—the only one at issue in the Motion—there is nothing to reconsider.

The Crescent Parties misstate the Order when they assert that § IV.B.3.b. "held that the Crescent Parties' motion for summary judgment was moot as to Bunker Hill Mining Corporation's ('BHMC') claim for contribution." Dkt. 149-1 at 1-2. That is not what the Order says. The Order's language in § IV.B.3.b. states: "the Court finds that Crescent's motion for summary judgment on *its* contribution claims under §113(f) is moot." Dkt. 147 at 28 (emphasis added). In other words, the Court was addressing the mootness of a *Crescent* contribution claim—*not* the Crescent Parties' motion for summary judgment on BHMC's contribution claim. The Crescent Parties have thus predicated their Motion for Reconsideration on a mischaracterization of the very ruling they seek to challenge.

Even if the Court were to revisit its analysis, the result would be the same. The Crescent Parties' arguments—that the relevant releases originated at the Bunker Hill Mine facility rather than the Crescent Mine, and that the Crescent Parties are not liable persons under § 107(a) with respect to the Bunker Hill Mine—were fully briefed in the original summary judgment proceedings and are contradicted by substantial evidence demonstrating genuine issues of material fact. The Joint Opposition filed by BHMC and Placer (Dkt. 129) set forth in detail the factual and legal bases supporting BHMC's § 113(f) claim, and the Court's denial of summary judgment was well-founded.

The Crescent Parties' Motion for Reconsideration is, in substance, an improper attempt to reargue the merits of a claim that was fully briefed and decided. Reconsideration is an

extraordinary remedy. A motion for reconsideration is not a vehicle for relitigating issues the Court has already decided. Because the Order's operative paragraphs unambiguously deny the Crescent Parties' summary judgment on BHMC's § 113(f) claim—and because the Crescent Parties identify no newly discovered evidence, no intervening change in law, and no manifest injustice—the Motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background of this consolidated action is set forth in the Court's Order. Dkt. 147 at 2-5. BHMC summarizes only the relevant facts and procedural events.

This consolidated action involves two adjacent mines—the Bunker Hill Mine and the Crescent Mine—connected by a 3.7-mile tunnel known as the Y-U Crosscut. Dkt. 147 at 2. BHMC entered into a Settlement Agreement and Administrative Order on Consent ("SAOC") with EPA, under which BHMC incurs costs for water treatment at the Central Treatment Plant ("CTP"). Dkt. 147 at 3-4. BHMC's CERCLA § 113(f)(3)(B) contribution claim seeks to recover from the Crescent Parties their proportionate share of those settlement costs. Dkt. 129 at 42-43.

On December 2, 2024, the Crescent Parties filed their Motion for Partial Summary Judgment (Dkt. 116), arguing inter alia that BHMC's § 113(f) contribution claim fails as a matter of law because the releases for which BHMC has incurred response costs originated at the Bunker Hill Mine, not the Crescent Mine, and because the Crescent Parties are not owners, operators, or arrangers as to the Bunker Hill Mine. Dkt. 116-1 at 35-42.

On January 10, 2025, BHMC and Placer filed their Joint Opposition (Dkt. 129), presenting substantial evidence that genuine issues of material fact preclude summary judgment on BHMC's § 113(f) claim. Dkt. 129 at 41-60. The Crescent Parties filed their Reply on February 7, 2025 (Dkt.

140), reiterating the same arguments. On June 23, 2025, the Court held a hearing for oral argument on the Crescent Parties' motion and BHMC's and Placer's summary judgment motions.

On June 24, 2026, the Court entered its Order (Dkt. 147), addressing all three summary judgment motions. As relevant here, the Court addressed "BHMC and Placer's CERCLA Claims" in § IV.B.3. (Dkt. 147 at 26-29), including a subsection entitled "Contribution Claims under CERCLA §113(f)" at § IV.B.3.b. (Dkt. 147 at 27-28). In the "ORDER" section, paragraph seven expressly states: "Summary Judgment is DENIED to Crescent on the §113(f) contribution claims by BHMC and Placer." Dkt. 147 at 30.

On July 8, 2026, the Crescent Parties filed their Motion for Reconsideration (Dkt. 149), contending the Court erred in § IV.B.3.b. and seeking correction of the Crescent Complaint's filing date.

**LEGAL STANDARD**

The Crescent Parties bring their motion under Federal Rule of Civil Procedure 54(b), which provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This Court applies the Rule 59(e) standard when deciding motions for reconsideration of interlocutory orders brought under Rule 54(b). *See Shoshone-Bannock Tribes of the Fort Hall Rsrv. v. United States,* No. 4:18-cv-00285-DCN, 2023 U.S. Dist. LEXIS 41991, 2023 WL 2456403 (D. Idaho Mar. 10, 2023). The Crescent Parties themselves acknowledge this standard. Dkt. 149 at 3.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore, et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).

There are "four limited grounds" upon which a court may grant reconsideration: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Thomas v. Cassia County*, 491 F. Supp. 3d 805, 808 (D. Idaho 2020) (citing *Coffelt v. Yordy*, No. 1:16-CV-00190CWD, 2016 U.S. Dist. LEXIS 194827, 2016 WL 9724059 (D. Idaho Nov. 30, 2016), and *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)); *see also Carroll*, 342 F.3d at 945 ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'") (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Upon demonstration of one of these three grounds, the movant must then come forward with 'facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Kimball v. United States*, Case No. CV99-416-N-EJL, 2000 U.S. Dist. LEXIS 19964, at *2 (D. Idaho Nov. 15, 2000) (quoting *Donaldson v. Liberty Mut. Ins. Co.,* 947 F. Supp. 429, 430 (D. Haw. 1996)).

Critically, "'a losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment.'" *U.S. ex rel Rafter H Constr., LLC v. Big-D Constr. Corp.*, 358 F. Supp. 3d 1096, 1098 (D. Idaho 2019); *Mintun v. Equifax Info. Servs., LLC*, 535 F. Supp. 3d 988, 991-92 (D. Nev. 2021) ("'A motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled.'") (quoting *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)); *Thomas*, 491 F. Supp. 3d at 805 ("'[M]otions for reconsideration are generally disfavored,

and may not be used to present new arguments or evidence that could have been raised earlier.'") (quoting *American Rivers v. NOAA Fisheries*, CV-04-00061-RE, 2006 U.S. Dist. LEXIS 48195, 2016 WL 1983178, at *2 (D. Or. July 14, 2006)).

Here, the Crescent Parties invoke only the "clear error" prong. Dkt. 149 at 3. As demonstrated below, no clear error exists—the Order squarely denies the Crescent Parties' motion for summary judgment on BHMC's § 113(f) contribution claim.

## ARGUMENT

### I. THE ORDER ALREADY DENIES THE CRESCENT PARTIES SUMMARY JUDGMENT ON BHMC'S § 113(F) CONTRIBUTION CLAIM, AND THERE IS NO CLEAR ERROR TO CORRECT.

The Crescent Parties' motion relies on a fundamental misreading of the Order. As a threshold matter, the Crescent Parties misstate what the Order actually says is moot. They claim the Order holds "that the Crescent Parties' motion for summary judgment is moot as to [BHMC's] claim for contribution." Dkt. 149-1 at 1-2. But the Order's actual language is different: "the Court finds that Crescent's motion for summary judgment on *its* contribution claims under §113(f) is moot." Dkt. 147 at 28 (emphasis added). The Court was addressing the mootness of (1) a Crescent contribution claim against BHMC or Placer—*not* the Crescent Parties' summary judgment motion on BHMC's § 113(f) contribution claim. The Court's Order nowhere indicates that the Crescent Parties' motion as to BHMC's contribution claim is moot.

Indeed, the Court's reasoning makes clear it was addressing a Crescent claim, not BHMC's:

> The Court has determined Crescent cannot recover response costs because it did not incur such costs before filing suit. Without liability for recovery of response costs, the purpose of contribution is nonexistent. Therefore, the Court finds that Crescent's motion for summary judgment on its contribution claims under

> §113(f) is moot because Crescent cannot obtain recovery costs from Placer or BHMC in this consolidated lawsuit.

*Id.* That logic applies only to claims where Crescent would be seeking contribution, not to BHMC's independent contribution claim predicated on BHMC's own payments to EPA.

Whatever imprecision may exist in the mootness discussion in § IV.B.3.b., the Order's operative disposition unambiguously resolves the Crescent motion as to BHMC's contribution claim in BHMC's favor. Multiple independently sufficient textual indicators confirm this.

First, paragraph seven of the "ORDER" states in unequivocal terms: "Summary Judgment is DENIED to Crescent on the §113(f) contribution claims by BHMC and Placer." Dkt. 147 at 30. This is the Court's operative ruling as to the Crescent Parties' summary judgment motion as to BHMC's CERCLA § 113(f) claim.

Second, in § IV.B.3.c.—following the mootness discussion in § IV.B.3.b.—the Court expressly held: "The Court has not dismissed BHMC's §113(f) claim so BHMC has an adequate remedy under CERCLA." Dkt. 147 at 29.

Third, paragraph eight of the Order grants summary judgment to the Crescent Parties on BHMC's common-law equitable claims for indemnity, subrogation, and contribution precisely "because BHMC's §113(f) contribution claim remains in the case." Dkt. 147 at 30-31. The Court's reasoning is that BHMC does not need equitable remedies because its CERCLA contribution claim remains viable.

Fourth, the narrative conclusion in § IV.B.3.c. states: "Crescent is not entitled to summary judgment except on the limited issue of BHMC's claims for indemnity, subrogation and contribution. This is because BHMC's §113(f) contribution claim remains viable." Dkt. 147 at 29.

The word "viable" is not ambiguous. The Court determined that BHMC's CERCLA contribution claim survives for trial.

Read together, these four textual indicators demonstrate that the Court intentionally preserved BHMC's § 113(f) claim. The § IV.B.3.b. mootness discussion, properly understood, addressed only the logical consequence of the Court's dismissal of Crescent Mine, LLC's § 107(a) claim: Crescent Mine, LLC may not seek contribution from BHMC or Placer (because Crescent Mine, LLC had no response costs to allocate). BHMC's independent § 113(f)(3)(B) claim—predicated on BHMC's own payments to EPA under the SAOC, not on any Crescent Mine, LLC-incurred costs—was never the subject of § IV.B.3.b.'s mootness holding.

There is thus no "clear error" to correct. The Crescent Parties are effectively asking the Court to elevate their reading of a snippet from the Court's discussion over the Court's operative "ORDER" and other sections of the Order. The Order is clear: summary judgment is denied as to BHMC's CERCLA § 113(f) claim.

## II. EVEN IF THE COURT REVISITS THE MERITS, GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT ON BHMC'S § 113(F)(3)(B) CLAIM.

The Court has clearly ruled on the Crescent Parties' motion on BHMC's § 113(f) claim, but should the Court nonetheless entertain the substance of the Crescent Parties' motion, the record confirms what the BHMC/Placer Joint Opposition (Dkt. 129) already demonstrated: genuine disputes of material fact preclude summary judgment in the Crescent Parties' favor on BHMC's CERCLA § 113(f)(3)(B) contribution claim.

A § 113(f)(3)(B) claim allows "a person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an

administrative . . . settlement [to] seek contribution from any person who is not a party to a settlement. . . ." 42 U.S.C. § 9613(f)(3)(B). To prevail, BHMC must show: (1) the property at issue is a CERCLA "facility"; (2) a "release" or "threatened release" of a "hazardous substance" has occurred; (3) the defendants are persons liable or potentially liable under § 107(a); and (4) BHMC incurred response costs consistent with the National Contingency Plan pursuant to an approved settlement. Dkt. 129 at 43. Each element is satisfied or, at a minimum, genuinely disputed.

**A. Facility Status**

Both the Crescent Mine and the Bunker Hill Mine are undisputedly CERCLA "facilities" as defined in 42 U.S.C. § 9601(9). The Crescent Parties do not dispute this, and their own summary judgment memorandum acknowledges it. Dkt. 116-1 at 35; Dkt. 129 at 44.

**B. Release of Hazardous Substances from the Crescent Mine**

The record contains undisputed evidence that hazardous substances are released from the Crescent Mine into the Bunker Hill Mine through the Y-U crosscut. Crescent Silver's own sampling identified copper, iron, manganese, nickel, cadmium, and arsenic in Crescent Mine water. Dkt. 129 at 44-45. Moreover, the Crescent Parties themselves admitted that "'discharges of AMD and other mining wastes at and from mines constitute "releases" and "disposals" of "hazardous substances" under CERCLA.'" Dkt. 129 at 44 (quoting Dkt. 116-1 at 27).

Critically, this contaminated water migrates from the Crescent Mine through the Y-U Crosscut into the Bunker Hill Mine. Dkt. 129 at 44-50. As the BHMC/Placer opposition established: "If it could not flow to the Bunker Hill Mine, Crescent Mine water would overtop the Ellis Shaft and flow out of the Hooper Tunnel, which has not happened since the Y-U Crosscut

was constructed." Dkt. 129 at 47. This migration of hazardous substances from the Crescent Mine to the Bunker Hill Mine constitutes a "release" under CERCLA's broad statutory definition. Dkt. 129 at 46; *see also* Dkt. 116-1 at 27.

### C. The Crescent Parties Are Potentially Responsible Parties

CERCLA imposes liability on four classes of persons, including "the owner and operator of . . . a facility." 42 U.S.C. § 9607(a)(1). Crescent Mine, LLC holds title to all real property at the Crescent Mine, including the land, equipment, mineral rights, and patented claims, and is therefore an owner. Dkt. 129 at 51. Crescent Silver, LLC is the operator of the Crescent Mine. It manages and pays all the employees that work at the Crescent Mine and is responsible for its day-to-day operations and management. Dkt. 129 at 51-52. Syringa Exploration, Inc. is past operator and owner of the Crescent Mine. Dkt. 129 at 52.

### D. Causation and Response Costs Under an Approved Settlement

BHMC has resolved its liability to the United States through the Second Amended and Restated Settlement Agreement and Order on Consent ("SAOC") with EPA. Dkt. 112-6, 112-7. The SAOC obligates BHMC to pay for water treatment costs at the Central Treatment Plant ("CTP"). The causal nexus is established: BHMC's CTP costs are driven largely by the volume of water treated, and a portion of that water originates in the Crescent Mine. "It is indisputable that water flows from the Crescent Mine into the Bunker Hill Mine pool via the Y-U Crosscut, and the Bunker Hill Mine pool must be pumped from the Bunker Hill Mine to the CTP for treatment in compliance with EPA orders and the SAOC." Dkt. 129 at 56. BHMC seeks contribution from the Crescent Parties for their proportionate share of those costs. Dkt. 129 at 56-57. BHMC's experts offer a volumetric allocation of liability based on the quantity of mine-impacted water released

from the Crescent Mine into the Bunker Hill Mine. *Id.* At minimum, the causal link and allocation methodology present genuine issues of material fact.

Thus, substantial evidence supporting BHMC's § 113(f)(3)(B) claim satisfies the essential elements. The Court was correct to deny the Crescent Parties' summary judgment motion as to BHMC's contribution claim.

## III. THE CRESCENT PARTIES' SPECIFIC MERITS ARGUMENTS WERE ALREADY BRIEFED AND DO NOT ESTABLISH CLEAR ERROR.

The Crescent Parties' motion reprises arguments already advanced—and already rejected—in the original summary judgment briefing. Specifically, the Crescent Parties argue that: (1) any releases occurred only at or from the Bunker Hill Mine facility; and (2) the Crescent Parties are not owners, operators, or arrangers as to the Bunker Hill Mine. Dkt. 149 at 5. These arguments misapprehend the nature of BHMC's claim.

BHMC's § 113(f)(3)(B) claim does not depend on the Crescent Parties being PRPs *as to the Bunker Hill Mine*. It depends on their status as PRPs with respect to releases of hazardous substances that ultimately cause BHMC to incur response costs. The mechanism is straightforward: hazardous substances are released from the Crescent Mine (a CERCLA facility owned and operated by the Crescent Parties), flow in mine water through the Y-U Crosscut into the Bunker Hill Mine, contribute to the contaminated water that must be pumped and treated at the CTP, and thereby cause BHMC to incur response costs it pays under the SAOC.

CERCLA's contribution framework allocates response costs "among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). Section 113(f)(3)(B) permits a party that has resolved its liability through an approved settlement to seek contribution from "any person who is not a party to a settlement"—i.e., from non-settling PRPs.

The Crescent Parties are not parties to a § 113(f) settlement, they own and operate a facility from which hazardous substances are released into the Bunker Hill Mine, and those releases contribute to the response costs BHMC pays. That is the statutory predicate for BHMC's claim, and the Crescent Parties' attempt to reframe the liability question around the Bunker Hill Mine facility designation misses the mark.

More fundamentally, a motion for reconsideration is not the appropriate vehicle for relitigating these arguments. The Crescent Parties raised these very issues in their motion for summary judgment (Dkt. 116), and BHMC addressed them comprehensively in its opposition (Dkt. 129 at 53-54). The Court considered these arguments and denied the Crescent Parties summary judgment. The Crescent Parties may not now use a motion for reconsideration to obtain a second bite at the same apple. *See Mintun*, 535 F. Supp. 3d at 991-92 ("A motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled.") (internal quotations omitted).

## IV. THE CRESCENT PARTIES HAVE NOT MET THE DEMANDING STANDARD FOR RECONSIDERATION.

The inadequacy of the Crescent Parties' motion is underscored by what it does *not* argue. The Crescent Parties raise no newly discovered evidence. They identify no intervening change in controlling law. And they do not argue manifest injustice. *See* Dkt. 149-1. The Crescent Parties rely solely on claimed "clear error" in the Court supposedly not ruling on the Crescent Parties' summary judgment motion as to BHMC's § 113(f) contribution claim—but, as demonstrated above, the Order's operative paragraphs unambiguously deny the Crescent Parties' motion for summary judgment on that claim.

As the Ninth Circuit has repeatedly emphasized, reconsideration "should not be granted, absent highly unusual circumstances." *Carroll*, 342 F.3d at 945 (internal quotations omitted). The movant bears a heavy burden: it "must come forward with facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Kimball*, 2000 U.S. Dist. LEXIS 19964, at *2 (internal quotations omitted). The Crescent Parties have not carried that burden. They point only to language in § IV.B.3.b.'s analytical discussion and ignore the clear textual indicators—including the Court's own "ORDER" in paragraph seven—that preserve BHMC's claim. That is not "clear error"; it is, at most, a request for clarification that does not warrant the extraordinary remedy of reconsideration.

## V. BHMC DOES NOT OPPOSE CORRECTION OF THE SCRIVENER'S ERROR REGARDING THE COMPLAINT FILING DATE.

BHMC does not oppose the limited, non-substantive correction identified in the Crescent Parties' motion regarding the filing date of Crescent Mine, LLC's Complaint. Crescent Mine, LLC's original Complaint was filed on July 28, 2021, not August 28, 2021. The Order itself correctly states the July 28, 2021 filing date at pages 5 and 24 (Dkt. 147 at 5, 24), but then uses "August 28, 2021" at pages 11, 19, and 21.

Accordingly, BHMC does not oppose correction of the Order to: (a) substitute "July 28, 2021" for "August 28, 2021" where the latter date incorrectly appears; (b) adjust the statute-of-limitations cutoff for trespass claims from August 28, 2018 to July 28, 2018; and (c) adjust the statute-of-limitations cutoff for nuisance and negligence claims from August 28, 2017 to July 28, 2017.

This concession is limited to the ministerial date correction and has no bearing on the correctness of the Court's ruling on BHMC's CERCLA § 113(f) contribution claim, which, for all the reasons stated above, should not be disturbed.

**CONCLUSION**

For the foregoing reasons, BHMC respectfully requests that the Court:

1. **DENY** the Crescent Parties' Motion for Reconsideration (Dkt. 149) insofar as it seeks reconsideration of the denial of the Crescent Parties' summary judgment motion on BHMC's CERCLA § 113(f) contribution claim; and

2. **GRANT** the motion only insofar as it seeks correction of the Crescent Mine, LLC Complaint filing date from August 28, 2021, to July 28, 2021, and the corresponding adjustment of the statute-of-limitations cutoff dates for trespass (from August 28, 2018, to July 28, 2018) and nuisance/negligence (from August 28, 2017, to July 28, 2017).

DATED this 29th day of July, 2026.

HOLLAND & HART LLP

By: *<u>/s/Christopher C. McCurdy</u>*
Christopher R. Hogle
Sarah M. Perkins
Murray D. Feldman
Christopher C. McCurdy

*Counsel for Defendant, Counterclaimant, and Third-Party Plaintiff Bunker Hill Mining Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of July, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Wade C. Foster
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
wade.foster@stoel.com

Maren R. Norton (*Admitted pro hac vice)*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
maren.norton@stoel.com

James T. Graves *(Admitted pro hac vice)*
GRAVES ENVIRONMENTAL LAW PLLC
4736 NE 187th Place
Lake Forest Park, WA 98155
james@gravesenvirolaw.com

*Attorneys for Plaintiff*

Preston N. Carter
Morgan D. Goodin
GIVENS PURSLEY LLP
601 W. Bannock Street
P. O. Box 2720
Boise, ID 83701-2720
prestoncarter@givenspursley.com
morgangoodin@givenspursley.com

*Attorneys for Defendant,*
*Placer Mining Corporation*

*/s/ Christopher C. McCurdy*
Christopher C. McCurdy
for Holland & Hart LLP